1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11   BEVERLY K LINKHART,

12                                    Plaintiff,

13        vs.

14   US BANK NATIONAL ASSOCIATION AS
     TRUSTEE FOR WACHOVIA MORTGAGE
15   LOAN TRUST 2006-ALT1; NDEX WEST
     LLC; WACHOVIA MORTGAGE LOAN
16   TRUST 2006-ATL1; AMERICA'S
     SERVICING COMPANY; MORTGAGE
17   ELECTRONIC REGISTRATION SYSTEM,
     INC.; WACHOVIA MORTGAGE
18   CORPORATION; et al.,

19                                   Defendants.

CASE NO. 10-CV-688 JLS (WMc)

**ORDER: GRANTING
DEFENDANTS' MOTION TO
DISMISS**

(Doc. No. 5.)

20

21        Presently before the Court is Defendants America's Servicing Company, Mortgage Electronic

22   Registration Systems, Inc., and U.S. Bank National Assocaition's motion to dismiss.  (Doc. No. 5.)

23   Also before the Court are Plaintiff's opposition (Doc. No. 7) and Defendants' reply.  (Doc. No. 8.)

24   After consideration of the parties' arguments and the relevant law, the Court **GRANTS** Defendants'

25   motion.

26   //

27   //

28   //

**BACKGROUND**

Plaintiff Beverly K. Linkhart "obtained a loan from Defendant Wachovia in the sum of $256,000.00" on September 14, 2006. (Compl. ¶ 12.)  This loan "was for Plaintiff's personal use." (*Id.* ¶ 11.)  On the same day "Plaintiff executed a deed of trust purporting to secure the amounts set forth in the Promissory Note" and designating "Defendant MERS . . . as the 'beneficiary.'" (*Id.* ¶¶ 13–14.)  On "November 30, 2009, Defendant NDEX purporting to act as agent for the beneficiary under the Deed of Trust caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust." (*Id.* ¶ 15.)  On March 1, 2010, Defendant NDEX "acting as the alleged duly appointed Trustee under and pursuant to the Deed of Trust caused to be recorded a Notice of Trustee's Sale." (*Id.* ¶ 16.)

Plaintiff appears to have filed this action on March 22, 2010 in San Diego Superior Court. (Compl. at 8.)  She sets forth three causes of action, (1) for declaratory relief, (2) for quiet title, and (3) for an injunction, and seeks damages, costs, attorney's fees anb an injunction against foreclosure. (*Id.* at 5–8.)  Defendants removed the case to this Court on April 1, 2010.  (Doc. No. 1.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

1   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

2   as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

3   570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the

4   court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

5   129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be

6   probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

7   Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.

8   *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal

9   conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving

10  the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).  "[W]here the

11  well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

12  complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

13                                          **ANALYSIS**

14  **I.    DECLARATORY RELIEF**

15          Plaintiff's cause of action for declaratory relief raises two issues: (1) the right of Defendant

16  Mortgage Electronic Registration System, Inc. (MERS) to foreclose, and (2) "whether the loan . . . has

17  been split from the security interest represented by the Deed of Trust, thereby rendering the loan

18  unsecured as a matter of law." (Compl. ¶ 18.)  The gravamen of these allegations, as the Court reads

19  them, is that MERS is not permitted to foreclose because it does not possess the note.  The Court finds

20  that this claim lacks merit and must be **DISMISSED**.

21          The Complaint offers almost no factual allegations on this cause of action.  Its most relevant

22  factual assertions are that "Defendant MERS is designated as the 'beneficiary' under the Deed of Trust

23  and Defendant Wachovia is designated as the 'Lender.'" (Compl. ¶ 14.)  This does not satisfy

24  Plaintiff's obligation to allege sufficient facts such that their claim is plausible on its face. *Iqbal*, 129

25  S. Ct. at 1949. Such a defect is enough to merit dismissal of this claim.  However, Plaintiff's legal

26  argument is without merit and will therefore also be addressed.

27          California "Civil Code sections 2924 through 2924k provide a comprehensive framework for

28  the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of

trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Under section 2924(a)(1), allows a "trustee, mortgagee, or beneficiary, or any of their authorized agents" to begin the non-judicial foreclosure process. Cal. Civ. Code § 2924(a)(1); *see also Huestis v. Indymac Fed. Bank*, 2010 WL 1416714, at *6 (E.D. Cal. 2010).

The complained of action here is a nonjudicial foreclosure. (*See* Compl. ¶¶ 15–16; Opp. at 2.) The Complaint, Plaintiff's opposition to this motion, and the copy of the Deed of Trust submitted by Plaintiff all state that MERS was designated as the beneficiary under the Deed of Trust. (Compl. ¶ 14; Opp. at 6; Doc. No. 1, Ex. A at 25.) Moreover, "[c]ourts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender." *Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, at *8 (E.D. Cal. 2010) (citing *Trent v. Mortgage Elec. Registration Sys., Inc.*, 288 Fed. Appx. 571 (11th Cir. 2008); *Mortgage Elec. Registration Sys., Inc. v. Azize*, 965 So. 2d 151 (Fla. App. 2 Dist. 2007); *Mortgage Elec. Registration Sys., Inc. v. Revoredo*, 955 So. 2d 33 (Fla. App. 3 Dist. 2007); *In re Huggins*, 357 B.R. 180 (Bankr. D. Mass. 2006); *In re Sina, No. A06-200*, 2006 WL 2729544 (Minn. Ct. App. 2006); *Mortgage Elec. Registration Sys., Inc. v. Ventura*, 2006 WL 1230265 (Conn. Super. Ct. April 20, 2006); *Mortgage Elec. Registration Sys., Inc. v. Leslie*, 2005 WL 1433922 (Conn. Super. Ct. 2005)); *see also Adams v. SCME Mortgage Bankers, Inc.*, 2009 WL 1451715, at *7 (E.D. Cal. 2009); *Swanson v. EMC Mortgage Corp.*, 2009 WL 3627925, at *10 (E.D. Cal. 2009). This would seem to put the matter at an end, conclusively demonstrating that MERS is entitled to foreclose on Plaintiff's property.

However, Plaintiff attempts to argue otherwise. According to her, "a 'person holding only a note lacks the power to foreclose because it lacks the security, and a person holding only a deed of trust suffers no default because only the holder of the note is entitled to payment on it.'"[1] (Opp. at 7 (citing *In re Hawkins*, 2009 WL 901766, at *4 (Bankr. D. Nev. 2009)).) Further, Plaintiff argues that the Court must look beyond section 2924 because in order to foreclose "the party must also

---

[1] Plaintiff cites *In Re National Tile & Terrazzo Co., Inc.*, 537 F.2d 329, 331 (9th Cir. 1976), for the proposition that "the mortgage must stand or fall with the note" because the mortgage "'has no existence independent of the things secured by it,' and is 'a mere incident of the debt or obligation which it is given to secure.'" (Opp. at 7.) However, *National Tile* makes clear that this language applies only when the "underlying debts . . . were invalid from their inception," which is not the case here. *Nat'l Tile*, 537 F.2d at 331.

1   demonstrate that it is a 'person entitled to enforce' the Deed of Trust under *Cal. Comm. Code* § 3301"

2   because that section "governs negotiable instruments such as promissory notes." (*Id.* (emphasis in

3   original).) Section 3301, according to Plaintiff, allows "only the holder of a negotiable instrument .

4   . . [to] enforce that negotiable instrument." (*Id.*) And therefore Defendant MERS must show that it

5   is the holder of the note and entitled to enforce that note. (*Id.* at 7–8.)

6          This argument is specious. As courts have unanimously found, section 3301 is inapplicable

7   in the context of foreclosure actions. "[S]ection 3301 reflects California's adoption of the Uniform

8   Commercial Code, and does not govern non-judicial foreclosures, which is governed by California

9   Civil Code section 2924." *Webb v. Indymac Bank Home Loan Servicing*, 2010 WL 121084, at *5

10  (E.D. Cal. 2010) (citing *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, at *10 (C.D.

11  Cal. 2009)). Section 2924 is a "comprehensive" framework and, in the arena of nonjudicial

12  foreclosure, is exhaustive. *Moeller*, 25 Cal. App.4th at 834; *see also Morgera*, 2010 WL 160348, at

13  *8*; *Adams*, 2009 WL 1451715, at *7; *Champlaie v. BAC Home Loans Servicing, LP*, 2009 WL

14  3429622, at *12–*14 (E.D. Cal. 2009). Because of the exhaustive nature of these nonjudicial

15  foreclosure statutes, the Court cannot simply import additional requirements from other, unrelated

16  statutes. Therefore, since section 2924does not require Defendant MERS to demonstrate that it is in

17  possession of the note in order to foreclose, this claim is **DISMISSED WITH PREJUDICE**.

18  **II.     QUIET TITLE**

19         Plaintiff's second claim is for quiet title. (Compl. ¶¶ 21–25.) She alleges that she "is . . . the

20  owner of a fee simple interest in and to" her real property. (*Id.* ¶ 22.) She also states that the relevant

21  "adverse claim to the title . . . is the claim to a security interest . . . by the Defendants." (*Id.* ¶ 24.)

22          Quiet title claims may establish title against adverse claims to real property or any interest

23  therein. Cal. Civ. Proc. Code § 760.020. A complaint alleging such a claim must be verified and

24  include (1) a description of the property; (2) the basis for plaintiff's title; (3) the adverse claim or

25  claims to title; (4) the date as of which the determination is sought; and (5) a prayer for determination

26  of plaintiff's title against the adverse claims. *Id.* § 761.020.

27         Defendants argue that this claim should be dismissed because "Plaintiff has not alleged (and

28  cannot allege) . . . tender" of the amount of her indebtedness. (Memo. ISO Motion at 6.) Plaintiff's

opposition does not address the quiet title issue.

In light of both the law and Plaintiff's failure to oppose, dismissal is proper.  First, the Complaint does not state a claim for quiet title.  Plaintiff does not address facts going to all five elements of a quiet title claim.  Second, the Complaint is not verified as required under section 760.020.  And finally, Plaintiff has not alleged her ability to tender her indebtedness.  California law holds that Plaintiff cannot quiet title in his property  "without discharging his mortgage debt.  The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974) (citing *Burns v. Hiatt*, 87 P. 196, 197 (Cal. 1906)); *see also Distor v. US Bank NA*, 2009 WL 3429700, at *6 (N.D. Cal. 2009) ("[P]laintifff has no basis to quiet title without first discharging her debt.").  Given these flaws, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's second cause of action.

## III.  INJUNCTION

The third cause of action seeks an injunction against the Defendants.  (Compl. ¶¶ 26–29.) Plaintiff alleges that Defendants' alleged conduct caused damage to Plaintiff and "will continue to cause great and irreparable harm to Plaintiff if not restrained and enjoined by an Order of this Court." (*Id.* ¶¶ 27–28.)  The specific harm cited is that her "Real Property will be sold at Trustee's Sale." (*Id.* at 28.)

"[A]n injunction is a remedy, not a cause of action." *Roberts v. L.A. County Bar Ass'n*, 105 Cal. App. 4th 604, 618 (2003) (citing *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997)).  As such, a plaintiff's ability to obtain an injunction depends on the existence of a cause of action allowing such relief. *Lopez v. Wash. Mutual Bank, F.A.*, 2010 WL 1558938, at *9 (E.D. Cal. 2010).  Since this complaint contains no viable causes of action, this claim must be **DISMISSED WITH PREJUDICE**.[2]

//

//

//

_____

[2] This dismissal, however, does not foreclose Plaintiff from seeking an injunction based on a cause of action allowing for injunctive relief.

**CONCLUSION**

For the reasons stated, Defendants' motion is **GRANTED**.  Plaintiff's first and third causes of action are **DISMISSED WITH PREJUDICE** and her second cause of action is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff wishes to amend her complaint, she **MAY FILE** her first amended complaint within twenty-one days of the date this Order is electronically docketed.

IT IS SO ORDERED.


DATED:  May 17, 2010

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge